Moore, J.
The act of assembly referred to does not reach this case. It does not require a deed of gift as essential to constitute a title, but merely provides that where a deed of gift is made, it shall be recorded.
Haywood, J.
I am of opinion, that no deed of gift is necessary, under the circumstances of this case. The evil, the legislature intended to remedy, was the want of a law for perpetuating gifts and sales, which before the passing of the act of 1784 were made secretly ; and the remedy designed, was for the benefit of creditors and purchasers, since none others could be injured by the want of a perpetuation. In this case, the mischief does not exist, for there are no creditors or purchasers ; nor was the transaction secret, for a delivery is made, and possession openly and publicly kept afterwards. This is very different from the sort of transaction the act aims at.
Had the transaction been secret, or were the rights of creditors or purchasers liable to be affected, I should have thought a deed of gift necessary ; otherwise the act would produce the effect of mak *106 ing the generality of such transactions, more secret than they would have been without it ; for in those cases, where the gift is intended to be kept secret, no deed of gift will ever be made, if, when made, it must be recorded, and thus made public ; but if not made, the gift will be good without. Such a construction is surely at variance with the spirit of the act.
Verdict for the Plaintiff.